

# ARKANSAS COURT OF APPEALS

DIVISION I

No. CV-13-420

| | | |
|---|---|---|
| LYNNE FOGERSON | | Opinion Delivered April 16, 2014 |
| | APPELLANT | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NO. JV-2012-188-3] |
| V. | | |
| | | HONORABLE STACEY ZIMMERMAN, JUDGE |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES | | |
| | APPELLEE | AFFIRMED |

**JOHN MAUZY PITTMAN, Judge**

Appellant's child was adjudicated dependent-neglected after it was discovered that appellant was a habitual abuser of illegal drugs, including marijuana, methamphetamine, and opiates. During the course of the case, the trial court ordered a DNA test and found that Ben Navarro (rather than the man listed as father on the birth certificate) was the child's father. At the permanency-planning hearing, the trial court awarded custody of the child to Mr. Navarro. On appeal, appellant argues that this was contrary to the evidence.[1] We affirm.

---

[1] Appellant also raises arguments relating to the findings made in the adjudication order, review order, and order of paternity. Because no appeal was taken from those orders, the findings and rulings incorporated therein are final and not subject to collateral attack in this appeal. *See Lewis v. Arkansas Department of Human Services*, 364 Ark. 243, 217 S.W.3d 788 (2005); *Thomas v. Arkansas Department of Human Services*, 2012 Ark. App. 309, 419 S.W.3d 734.

SLIP OPINION

We review equity matters, such as juvenile proceedings, de novo on appeal, but we do not reverse unless the circuit court's findings are clearly erroneous. *Keckler v. Arkansas Department of Human Services*, 2011 Ark. App. 375, 383 S.W.3d 912. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed. *Id.* We give due deference to the superior position of the circuit court to view and judge the credibility of the witnesses. *Id.* This deference to the circuit court is even greater in cases involving child custody, as a heavier burden is placed on the circuit judge to utilize to the fullest extent his or her powers of perception in evaluating the witnesses, their testimony, and the best interest of the children. *Id.*

Here, the record shows that appellant is the mother of nine-year-old P.F. The boy was removed from her custody on February 24, 2012, because she was arrested for endangering the welfare of a minor, criminal trespass, and terroristic threatening. At the probable-cause hearing, it was learned that appellant had been using methamphetamine when she was caught attempting to use another person's urine for the drug test. After appellant made ambiguous and contradictory statements regarding P.F.'s parentage, Ben Navarro appeared in the proceeding, the court ordered a DNA test, and Mr. Navarro was found to be the biological father. Mr. Navarro filed a petition for custody in the proceeding on June 20, 2012. After the permanency-planning hearing, held on January 24, 2013, the trial court awarded custody of P.F. to Mr. Navarro and closed the case. This appeal followed.

SLIP OPINION

Appellant argues that the trial court erred in awarding custody of P.F. to Mr. Navarro rather than returning the boy to her, because she had complied with the case plan almost perfectly and there was no evidence that she posed a threat to the child's health or welfare. We do not agree. According to the version of the statute governing permanency-planning hearings in effect at the time, the court should return the child to the parent if doing so is in the child's best interest and if the child's health and safety are not threatened by doing so. Ark. Code Ann. § 9-27-338(c)(1) (Supp. 2011). Crucially, the Arkansas Supreme Court has expressly held that the words "the parent" in that precise statute did not mean only the parent from whom the child was removed but instead meant either parent. *Mahone v. Arkansas Department of Human Services*, 2011 Ark. 370, 383 S.W.3d 854 (overruling *Judkins v. Duvall*, 97 Ark. App. 260, 248 S.W.3d 492 (2007)).[2] Mr. Navarro was found by a prior order of the court to be P.F.'s parent based on DNA testing. No appeal was taken. The question, then, is not whether appellant has remedied the cause for the child's removal but is instead whether the trial court clearly erred in finding that it would be in the child's best interest to be returned to his father, Mr. Navarro, rather than to appellant.

We find no such error. The trial judge based her finding on the demeanor of the witnesses and her assessment of their credibility, as well as on a forensic psychological examination indicating that appellant suffered from a personality disorder that made her susceptible to drug use, relationship problems, and poor judgment. Evidence of some

---

[2]We note that section (c) of the statute was rewritten in 2013 so as to make the primary preferred permanency goal the placement of the child with "a fit parent." Ark. Code Ann. § 9-27-338(c) (Supp. 2013).

manifestations of these traits was presented at trial, including evidence that appellant had for more than a decade habitually used methamphetamine and other illegal drugs; that, when P.F. entered foster care, appellant had been dating a 600-pound man who "binge[d] on drugs, both opiates and methamphetamine, like he binge[d] on food"; and that appellant, during the initial hearing, had a bottle of another person's urine concealed in her vagina that was discovered when she attempted to use it rather than her own urine for a court-ordered drug test. Although appellant testified that she had overcome her problems, the trial court found otherwise, and it is clear from our review of the record that the trial court could reasonably conclude that Mr. Navarro demonstrated greater stability and little susceptibility to the sort of dramatically poor judgment chronically exercised by appellant. In light of this evidence, and the evidence that P.F. had done well while in his father's care, we cannot say that the trial court clearly erred in finding that it was in the child's best interest to remain in the custody of Mr. Navarro rather than to be returned to appellant.

Affirmed.

GLOVER and VAUGHT, JJ., agree.

*Brenda Horn Austin*, for appellant.

*Tabitha B. McNulty* County Legal Operations, for appellee Dep't of Human Services.

*Chrestman Group, PLLC*, by: *Keith L. Chrestman*, attorney ad litem for minor child.