SLIP OPINION



Cite as 2014 Ark. App. 487

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV-14-195

| | |
|---|---|
| DONNIE HUDSON | **Opinion Delivered** September 24, 2014 |
| APPELLANT | |
| | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT |
| V. | [NO. JV-2012-188-3] |
| | HONORABLE STACEY ZIMMERMAN, JUDGE |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES | |
| APPELLEE | APPEAL DISMISSED |

## JOHN MAUZY PITTMAN, Judge

Donnie Hudson filed this appeal following several orders by the Washington County Circuit Court. For the reasons explained below, we dismiss the appeal.

In *Fogerson v. Arkansas Department of Human Services*, 2014 Ark. App. 232, we affirmed the trial court's placement of the child in this case, P.F., in the custody of Mr. Ben Navarro, who was determined by DNA testing to be the biological father. The man named on the birth certificate as the child's father, who is the present appellant, was served by publication but did not appear. Appellant has since appeared in the trial court and has purported to appeal the paternity order, along with a host of other orders concerning the dependency-neglect case, including the permanency-planning and closing order. Appellant was not a party to these proceedings but argues that, because he was not personally served, they are all invalid and should be set aside.

None of this is ripe for determination. All of appellant's arguments depend upon his status as parent of the child, whom he had not seen in the past seven years. Testimony of the mother in the prior case made it appear that appellant was listed on the birth certificate, not because he was the actual father but instead because doing so would entitle the child to social security benefits based on appellant having established a disability. Crucially, the trial court *granted* appellant's motion to set aside the paternity order because appellant was not properly served, and that court expressly held the case open for a new determination of paternity. *See* Ark. R. Civ. P. 60(k). No hearing has yet been held on that issue.

Under Rule 54(b) of the Arkansas Rules of Civil Procedure, an order is not final if it adjudicates fewer than all the claims or rights and liabilities of fewer than all the parties. Appellant's status as parent has yet to be determined by the trial court, no Rule 54(b) certification has been sought or granted, and the appeal is thus not final. *Compare McHenry v. Arkansas Department of Human Services*, 2014 Ark. App. 443, ___ S.W.3d ___.

Appeal dismissed.

WALMSLEY and HIXSON, JJ., agree.

*Brenda Horn Austin*, for appellant.

*Tabitha B. McNulty*, County Legal Operations; and *Chrestman Group, PLLC*, by: *Keith L. Chrestman*, for appellees.